

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

02 DEC 31 PM 4:04

Joseph Robert Grieveson, Plaintiff, ) Civil Case No. 1:02-CV-1862 (JDT)

vs.

Jack Cottey, Patrick Commiskey, Officer Chris Boomershine, Officer Smith, Officer Highbaugh, Officer Cornell, Officer Duncan, and Frank Anderson, in their official and individual capacities, Defendants.

DEMAND FOR JURY TRIAL

**AMENDED COMPLAINT**

The Plaintiff, for his amended complaint against the Defendants and each of them, alleges and says as follows:

PARTIES

1. The Plaintiff is a citizen of Canada presently serving time in a federal prison for a conviction in this Court under Case No. IP00-CR-0071-01.

2. The Defendant, Jack Cottey, hereafter referred to as "Cottey," was, at all times material to this action, the Marion County Sheriff in Indianapolis, Indiana.

3. The Defendant, Patrick Commiskey, hereafter referred to as "Commiskey," was, at all times material to this action, a police officer responsible for operations of the Marion County Jail in Indianapolis, Indiana.

4. The Defendant, Officer Chris Boomershine, hereafter referred to as "Boomershine," was, at all times material to this action, a police officer under Commiskey responsible for the

management of the Marion County Jail. The other defendants, excluding Frank Anderson were guards at the Marion County Jail.

5. The Defendant, Frank Anderson, hereafter referred to as "Anderson" was, at all times material to this action, the United States Marshal For The Southern District of Indiana.

NATURE OF ACTION AND JURISDICTION

6. This is an action against all of the Defendants under 28 U.S.C. 1350 for a tort claim by an alien for violations of the Plaintiff's rights under the law of nations, specifically The International Covenant On Civil And Political Rights which was ratified by the United States.

7. This is also an action against all defendants except Anderson, under 42 U.S.C. 1983 for deprivations of the Plaintiff's rights under the Fourth and Eighth Amendments of The Constitution and of the laws of the United States while they were acting under color of law and by a common practice and custom of managing the Marion County Jail in a manner which is in reckless disregard for the dangers of assaults by prisoners by other prisoners and failure to take appropriate action to assure pretrial detainees against assaults. Additionally this is an action against them for violation of the Plaintiff's rights under the Constitution of Indiana, Article 1, Section 15. Jurisdiction is conferred upon this Court by 28 U.S.C. 1343 and 1367.

8. This is also a Bivens action against Anderson for deprivations of the Plaintiff's rights under the Fourth under Eighth Amendments of the Constitution.

MATERIAL FACTS

9. On November 30, 2000, the Plaintiff was a prisoner in the Marion County Jail by operation of a pretrial detention order of this Court and placement therein by Anderson, who was responsible, along with the other Defendants for the Plaintiff's personal security, at least to the

extent of taking reasonable steps to protect him from assaults by other prisoners and to promptly provide him with medical care which was needed as a result of physical assaults by other prisoners. Additionally, Anderson was obligated by statute to provide for the safe-keeping of the Plaintiff at all times material to this action.

10. On said date the Plaintiff was erroneously characterized, by many of the prisoners in the Marion County Jail, as an informant and "snitch" whose cooperation with jail officials led to a sting operation and the arrest of an attorney for a different prisoner, said prisoner having been a professional football player and having celebrity status among the prisoners of the Marion County Jail.

11. The Defendants, and each of them, knew that under such circumstances, along with the overcrowding, the small physical size of the Plaintiff, and extraordinary frequency of assaults in the Marion County Jail, that the Plaintiff was in peril of being physically assaulted by other inmates who held a high regard for the aforesaid celebrity prisoner.

12. The Defendants, and each of them, with deliberate indifference, failed and refused to take appropriate actions to protect the Plaintiff from other prisoners, and separate the Plaintiff from the other prisoners.

13. As a result of the deliberate indifference of the Defendants, the Plaintiff was physically assaulted on November 30, 2002, and medical treatment resulting eventually in hospitalization was wrongfully delayed, resulting in the aggravation of the Plaintiff's injuries and needless suffering.

14. Upon the Plaintiff's return from the hospital, he was put into the same cell block where he was assaulted on November 30, 2000, and he was subsequently assaulted five more

times on different dates by other prisoners, the next assault being on December 31, 2000, resulting in personal injuries requiring further hospitalization, the Defendants' knowledge that the Plaintiff was at a substantially greater risk for such assaults notwithstanding, and treatment for such physical assaults was unreasonably delayed, and necessary surgery was denied, resulting in the aggravation of the injuries and in serious permanent impairment.

15. The Defendants' knowledge of the Plaintiff's peril became progressively more certain after each physical assault by a prisoner, and they still failed and refused to take reasonable appropriate steps to protect the Plaintiff from further assault, and, each time, placed him in the cell block where he was previously assaulted.

16. The Defendants refused to take custody of the medication prescribed by the doctors treating the Plaintiff for his injuries, resulting in the confiscation of such medication by bigger and heavier prisoners, and the deprivation of prescribed medication caused the Plaintiff to suffer needlessly.

17. The Plaintiff's injuries and the Defendants' delay in getting him medical care were caused by the deliberate indifference of the Defendants and each of them.

18. The Plaintiff has exhausted his administrative remedies except that a tort claim notice pursuant to Form 95 is concurrently being filed with the office of The United States Marshal For The Southern District of Indiana, but this Court still has jurisdiction under Bivens.

19. Credible people other than the Plaintiff have repeatedly brought to the attention of the Defendants the peril to which the Plaintiff was subjected, and they were, in effect, ignored by the Defendants.

20. The Plaintiff is entitled to just and adequate compensation for the wrongs which he

has suffered.

WHEREFORE, the Plaintiff requests judgment for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $15,000,000.00, attorney fees, and all other appropriate relief.

Robert A. Zaban 1460-49
P. O. Box 47347
5525 South Meridian Street
Indianapolis, IN 46217
(317) 610-4045

Attorney For The Plaintiff