**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSEPH R. GRIEVESON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:02-cv-1862-JDT-TAB |
| ) | |
| JACK COTTEY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Plaintiff's Motion to Alter or Amend Judgment**

Final judgment was entered on the clerk's docket in this action on September 26, 2005. The plaintiff's post-judgment to motion to alter or amend judgment was signed by him on October 6, 2005, and filed with the clerk on October 13, 2005. Under the circumstances of this case, the post-judgment motion can be considered to have been "filed" on the date it was signed. *See Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

All motions that substantively challenge the judgment, filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992). The post-judgment motion is thus properly labeled.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the plaintiff's claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. As the court found, "In this case, the evidentiary record shows no mistreatment of Grieveson, no denial of the minimal civilized measure of life's necessities, no deliberate indifference to Grieveson's health or safety, and no conditions of Grieveson's confinement (relevant to his allegations) which were not reasonably related to a legitimate and non-punitive government goal." (Internal quotations and citations omitted.) The plaintiff's assertion that the defendants' motions would have been resolved differently if he was represented by counsel at the end of the case (as he was throughout a portion of the case is incorrect. The facts defeated his claims, not the subject of representation. Additionally, the "new evidence" which he offers would not affect the outcome of the case.

Accordingly, the post-judgment motion to alter or amend judgment is **denied.**

**IT IS SO ORDERED.**

Date: 11/15/2005

John Daniel Tinder, Judge
United States District Court

Copies to:

Joseph Grieveson, Reg. No. #06322-028
P.O. Box 2000
Whitedeer, PA 17887

Andrew J. Mallon
Office of Corporation Counsel
200 East Washington Street   Suite 1601
Indianapolis, IN 46204

Gerald Coraz
Office of the United States Attorney
10 West Market Street    Suite 2100
Indianapolis, IN   46204-3048

Paul Thomas Belch
Law Office of St. Paul Travelers
9001 Wesleyan Road, Suite 110
Indianapolis, IN 46268