UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH ROBERT GRIEVESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:02-cv-1862-LJM-TAB |
| ) | |
| JACK COTTEY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON FEBRUARY 27, 2009, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel on February 27, 2009, for a telephonic status conference, which the Court set upon the request of the Defendants. [Docket Nos. 205, 207.] The Court heard argument on Defendants' contention that discovery in this matter should be limited to the issue of exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (*en banc*). This Court previously considered and rejected this argument [Docket Nos. 203, 204]. Thus, Defendants are actually seeking reconsideration of this prior ruling. Defendants' additional arguments at the conference do not persuade the Court to reconsider its prior ruling.

In the ordinary case, *Pavey* would support such a limitation on discovery. However, this is not the ordinary case. It has been pending since 2002 and already has taken one trip to the Seventh Circuit Court of Appeals. Thus, the statutory goal of the Prison Litigation Reform Act noted in *Pavey* of "sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies" cannot be met. *Id*. at 742. *Pavey* specifically noted that it was not intended "to place the district courts of this circuit in a straightjacket," and recognized that there could be "exceptional cases" where some discovery is permitted before the exhaustion issue is resolved. Ample discovery already has occurred in this

case, so throwing up a discovery roadblock at this juncture seems somewhat illogical.  In addition, Plaintiff has state law claims which, even if the Court were to find a failure to exhaust under the PLRA, might possibly justify the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 given that this case has been pending over six years.

It is also noteworthy that on January 23, 2009, counsel appeared before the District Judge and never raised this discovery issue, even though *Pavey* had been decided months before. Instead, counsel merely requested that the case be set for a settlement conference.  [Docket No. 199.]  The Court complied with this request by setting a March 18, 2009, settlement conference. [Docket No. 200.]   Thus, the Court is attempting to assist the parties in bringing about a prompt resolution of this action, but the Court declines Defendants' request to reconsider its prior order and bring merits discovery to a halt.

Dated: 03/03/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Stephen S. Sanders
MAYER BROWN LLP
ssanders@mayerbrown.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com